IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ROSS BROTHERS CONSTRUCTION CO., et al.,

        Plaintiffs,

v.                              CIVIL ACTION NO. 3:06-0116

JAMES DOUGLAS SPARKMAN, individually
and as plant manager, agent, employee, servant
and/or representative of Marathon Petroleum, LLC,
formerly known as Marathon Ashland Petroleum, LLC, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiffs' motion to remand (Doc. 9). Plaintiffs filed their action in the Circuit Court of Wayne County on January 12, 2006 asserting a claim against Defendants for intentional interference with a business relationship. Defendants removed this action under 28 U.S.C. § 1332 which provides this Court with original jurisdiction over cases if the amount of controversy exceeds $75,000 and diversity in citizenship exists. The Plaintiffs contend in their motion for remand that complete diversity does not exist. Specifically, they claim that Defendant James Sparkman has the same citizenship as the Plaintiffs. In response, Defendants claim that Sparkman's citizenship should be disregarded for removal purposes because he has been fraudulently joined in order to defeat diversity jurisdiction. For the following reasons, the motion to remand is **GRANTED** and the Court **ORDERS** the case **REMANDED** to the Circuit Court of Wayne County, West Virginia.

## I.     Factual Background

In their complaint, Plaintiffs allege that certain comments by Defendant Sparkman caused Ashland Chemical to discontinue a business relationship with Plaintiffs. Plaintiffs are a Kentucky corporation which provided labor, materials and other industrial contracting services to Ashland Oil, including its plant located in Neal, West Virginia, known as Ashland Chemical. Defendant Sparkman, a citizen of Kentucky, is an employee or agent of Defendant Marathon Petroleum and/or Catlettsburg Refining. Sparkman was allegedly aware of a dispute between Plaintiffs and Marathon over unpaid services.

Plaintiffs allege that Defendants entered into negotiations for the purchase of certain Ashland Oil assets, including Ashland Chemical. Plaintiffs claim that Sparkman had a conversation with the plant manager of Ashland Chemical informing him that should Marathon and/or Catlettsburg purchase Ashland Chemical, Ashland Chemical will no longer be allowed to utilize the Plaintiffs' services. Shortly thereafter, Plaintiffs claim that Ashland Chemical terminated its business relationship with Plaintiffs. Subsequently, Ashland Chemical was purchased by Marathon and/or Catlettsburg several months later. Plaintiffs filed this action claiming that Sparkman's conversation with Ashland Chemical was a tortious interference with their business relationship.

## II.    Fraudulent Joinder Standard

"In order to establish diversity jurisdiction, the parties must be completely diverse; none of the plaintiffs may share citizenship with any of the defendants." *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999). However, the court will ignore a nondiverse defendant's citizenship if the plaintiff fraudulently joined that defendant. In order to prove fraudulent joinder, the defendants who have removed the case to federal court must "establish either that there is no possibility that the

plaintiff would be able to establish a cause of action against the [] defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Pritt v. Republican Nat'l Comm.*, 1 F. Supp.2d 590 (S.D.W. Va. 1998)(internal citations omitted).

It is well-settled that "[t]he party alleging fraudulent joinder bears a heavy burden–it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999); *see also Pritt*, 1 F.Supp.2d at 591. The standard for fraudulent joinder "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." *Hartley*, 187 F.3d at 424. The standard is consistent with the requirement that removal statutes "be strictly construed against removal and all doubts...resolved in favor of remand." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992).

If defendants do not allege fraud in plaintiff's complaint, they bear the burden of establishing that "there is no possibility []he could establish a cause of action against [the party] in a West Virginia court." *Pritt*, 1 F.Supp.2d at 591. The likelihood that the plaintiff could ultimately recover against the nondiverse defendant in state court, "however remote," is a sufficient ground for finding that fraudulent joinder does not exist. *See Pritt*, 1 F.Supp.2d at 592. Therefore, "it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief can be granted." *Batoff*, 977 F.2d at 852. For purposes of a motion for remand, the court should not look any deeper into the merits or specifics of plaintiff's alleged cause of action. Where a district court "delv[es] too far into the merits in deciding a jurisdictional question," it has erred. *Hartley*, 187 F.3d at 425.

**III.     Analysis of Defendants' Claim of Fraudulent Joinder**

    **A.     Issue of Personal Jurisdiction**

Defendants first argue that there is no possibility that the Plaintiffs could state a claim against Sparkman because the West Virginia courts lack personal jurisdiction over him.  In the past, courts would engage in a two-step inquiry to determine the proper exercise of jurisdiction over a nonresident defendant in a diversity case.  First, the court determined whether the West Virginia long-arm statute conferred jurisdiction.[1]  *English & Smith v. Metzger,* 901 F.2d 36, 38 (4th Cir.1990).  Then, the court asked whether the exercise of jurisdiction is consistent with the constitutional mandates of due process.  *Id.*  However, the West Virginia long-arm statute has since been held to reflect the legislative intent to exercise personal jurisdiction over a nonresident defendant to the fullest extent permitted under the Due Process Clause of the Fourteenth Amendment.  *Harman v. Pauley*, 522 F.Supp. 1130, 1135 (S.D.W. Va. 1981).  Because of this interpretation, the two-step inquiry has merged into one single determination relating only to the

---

[1] West Virginia Code § 56-3-33(a)(2002) provides for personal jurisdiction over a nonresident if a cause of action arises from one of the following acts:

    (1) Transacting any business in this state;
    (2) Contracting to supply services or things in this state;
    (3) Causing tortious injury by an act or omission in this state;
    (4) Causing tortious injury in this state by an act or omission outside this state if he or she regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
    (5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he or she might reasonably have expected such person to use, consume or be affected by the goods in this state: Provided, That he or she also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
    (6) Having an interest in, using or possessing real property in this state; or
    (7) Contracting to insure any person, property or risk located within this state at the time of contracting.

constitutional issue. *Ellicot Machine Corp. v. John Holland Party Ltd.*, 995 F.2d 474, 477 (4th Cir. 1993).

In *International Shoe*, the United States Supreme Court recognized that "due process requires only that in order to subject a defendant to a judgment *in personam*...he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945)(citations omitted). The Fourth Circuit has determined that if defendant's contacts with the forum state also provide the basis for the suit, as in the present case, those contacts may establish specific jurisdiction. *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711-712 (4th Cir. 2002).

In determining whether specific jurisdiction exists, a court should consider (1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable. *Id.* at 712. It is also clear that "it is not necessary that the defendant ever actually enter the forum State's territory; so long as the defendant has purposefully directed his activities toward the forum State, and the litigation arises from those activities, due process is satisfied." *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984). Further, in conducting the analysis to determine specific personal jurisdiction, a court must look to the "quality and nature" of the nonresident's contacts with the forum state. *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 397 (4th Cir. 2003)(citations omitted). "Even a single contact may be sufficient to create jurisdiction when the cause of action arises out of that single contact, provided that the principle of 'fair play and substantial justice' is not thereby offended." *Id.*

Defendants argue that West Virginia courts do not have jurisdiction over Sparkman because he does not personally conduct any business in the state nor has he personally committed any tort which would bring him under the long-arm statute. Resolving all doubts in favor of the Plaintiffs, the complaint alleges a claim against Sparkman individually. However, Defendants argue that any possible contacts Sparkman has made with the state arise out of his role as agent or employee, and those contacts cannot be used to assert jurisdiction over him personally. In support of their position, they cite *Eplus Technology v. Aboud*, 313 F.3d 166 (4th Cir. 2002). In that case, a company sued the principal, Aboud, of a corporate customer, MBT, for alleged fraud and violations of RICO. *Id.* at 175-176. Defendant Aboud appealed a judgment against her claiming that the district court in Virginia lacked personal jurisdiction. In holding that she had sufficient contacts with Virginia, the Fourth Circuit stated that, "[w]hile the fact that Aboud's contacts with Virginia were made on behalf of MBT complicates the traditional due process inquiry, her connection to the commonwealth is sufficient to support the court's exercise of jurisdiction." *Id.* at 177. The Court noted that typically, contacts of a company are not attributed to the company's agent or employee for purposes of jurisdiction. *Id.* However, the Court recognized that "Aboud is not immune from jurisdiction in Virginia merely because her contacts were ostensibly on behalf of MBT." *Id.*

In *Charter Communications v. Eleazer*, this Court denied the dismissal of an action for lack of personal jurisdiction over an employee of a television station involving an alleged breach of an agreement. 398 F.Supp.2d 502 (S.D.W. Va. 2005). Applying the standard for a motion to dismiss, this Court stated that "the status of a defendant as an employee of a corporation alleged to have acted improperly does not shield him from personal jurisdiction." *Id.* at 505 (citing *Calder v. Jones*, 465 U.S. 783 (1984)). Instead, "[e]ach defendant's contacts with the forum State must be assessed

individually." *Id.* Under West Virginia's long-arm statute, "[t]he controlling issue is simply whether the non-resident defendant, whatever role he may have occupied, had...'minimum contacts.'" *Id.* (citing *Columbia Briargate Co. v. First Nat'l Bank of Dallas*, 713 F.2d 1052, 1064 (4th Cir. 1983)).[2]

As discussed above, a party alleging fraudulent joinder must show that the "plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Hartley v. CSX Transportation, Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). In this case, after resolving all issues of law and fact in favor of Plaintiffs, Defendants have failed to show that there is no possibility that West Virginia courts could properly exercise specific jurisdiction over a nonresident defendant like Sparkman. Plaintiffs allege that certain comments Sparkman made to Ashland Chemical, a business located in West Virginia, tortiously interfered with the ongoing business relationship between Plaintiffs and Ashland Chemical. This claim is against Sparkman individually, and in his capacity as an employee or agent of Marathon and/or Catlettsburg. Whatever his particular role at the time, Plaintiffs allege that Sparkman physically entered West Virginia, and attended a meeting with the manager of Ashland Chemical. Even if Sparkman did not physically enter West Virginia, he directed his comments toward Ashland Chemical in West Virginia. Like the defendant in *Aboud*, Sparkman is not immune from jurisdiction in West Virginia just because his contacts with the state appear to be on behalf of another Defendant.

Plaintiffs also allege, and Defendants do not disagree, that Sparkman was engaged in "ongoing negotiations" with Ashland Chemical. Accordingly, Sparkman directed his activities on

---

[2]Defendants rely upon the case *Simkins Corp. v. Gourmet Resources Int'l* for the proposition that a corporate officer's actions taken in his corporate capacity are by themselves insufficient to support personal jurisdiction. 601 F.Supp. 1336, 1345 (E.D. Pa. 1985). Not only is this contrary to the law in this circuit, no other court outside of Pennsylvania has adopted its reasoning.

more than one occasion toward West Virginia. These were purposeful actions allegedly taken by Sparkman for his own benefit or the benefit of other Defendants. Following *Eleazer* and assessing his contacts with the state individually, it is not unfair or unreasonable for Sparkman to be held accountable for his actions in a West Virginia court when the claim is related to these business contacts.

Because Plaintiffs' cause of action arises from Sparkman's contacts with West Virginia and keeping in mind the high burden to prove fraudulent joinder, the Defendants have not shown that there is no possibility that the state may exercise personal jurisdiction over Sparkman. It is possible that upon remand, the state court may dismiss Sparkman for lack of personal jurisdiction, but when analyzing the question under the fraudulent joinder standard, this Court cannot conclude that there is no possibility that he is subject to jurisdiction. Although the question may be close, when resolving all factual issues in Plaintiff's favor and resolving all doubt in favor of remand, Defendant Sparkman was not fraudulently joined based on lack of personal jurisdiction.

### B.   Issue of No Possible Recovery under the Cause of Action

If the Court determined that Sparkman was subject to personal jurisdiction, the Defendants claimed that Sparkman's citizenship should still be disregarded under fraudulent joinder because the complaint fails to state a viable claim for relief against Sparkman. Plaintiffs allege tortious interference of a business relationship against Sparkman both individually and as an employee or agent of Defendants. In order to establish a prima facie case of tortious interference of a business relationship, a plaintiff must show:

(1) existence of a contractual or business relationship or expectancy;
(2) an intentional act of interference by a party outside that relationship or expectancy;
(3) proof that the interference caused the harm sustained; and
(4) damages.

*Torbett v. Wheeling Dollar Sav. and Trust Co.*, 314 S.E.2d 166, 173 (W. Va. 1983). A defendant is not liable for interference that is negligent and is not liable if he shows a defense of legitimate competition between plaintiff and himself, his financial interest in the induced party's business, his responsibility for another's welfare, his intention to influence another's business policies in which he has an interest, his giving of honest, truthful, requested advice, or other factors that show interference was proper. *Id.* at 172.

Defendants make two arguments that Plaintiffs have no possibility of recovering against Sparkman: (1) Sparkman was not outside the "relationship or expectancy;" and (2) Defendants had a financial interest in the induced party's business. At the time of the alleged conversation, Sparkman was an outside party to the business relationship between Ross Brothers and Ashland Chemical. Sparkman may have been employee of a company seeking to purchase Ashland Oil, but he was not a part of the business relationship underlying the tortious interference claim.

The second argument also must fail. Whether or not the other Defendants have a financial interest in Ashland Oil, there is no indication that Sparkman personally had any present or future financial interest in the induced party's business. To the extent that Plaintiffs' allegations are against Sparkman individually, Defendants have not proven he can utilize any defense of financial interest.

West Virginia courts have repeatedly recognized that an "agent or employee can be held personally liable for his own torts against third parties and this personal liability is independent of his agency or employee relationship." *See, e.g., Courtless v. Jolliffe*, 507 S.E.2d 136, 140(W. Va. 1998); *State ex rel. Bumgarner v. Sims*, 79 S.E.2d 277, 289 (W. Va. 1953). As this Court as stated, "[e]mployees in West Virginia are not relieved of tort liability by the application of *respondeat superior,* even when acting in the scope of their employment." *McKean v. Wal-Mart Stores, Inc.*,

2005 WL 1785260, at *3 (S.D.W. Va. July 26, 2005).  Plaintiffs allege that Sparkman personally interfered with their business relationship with Ashland Oil.  Resolving all law and facts in Plaintiffs favor, Defendants have not reached the high burden of proving that there is no possibility that Plaintiffs may recover against Sparkman.

**IV.     Conclusion**

For the foregoing reasons, the Court finds Defendants have failed to meet their burden of demonstrating that there is not even the slightest possibility that Plaintiffs' claim against Defendant Sparkman could survive under state law.  Therefore, Sparkman's citizenship is not disregarded, and complete diversity does not exist.  To be clear, the Court is not resolving whether Plaintiffs ultimately will prevail on the merits of their claim or, for that matter, whether Defendants can succeed in defeating Plaintiffs' claim under the standard required to analyze a motion to dismiss.

Accordingly, the Court finds Defendants' removal of this action from state court was improper.  Thus, pursuant to 28 U.S.C. § 1447(c), the Court **GRANTS** Plaintiffs' motion and **ORDERS** the case **REMANDED** to the Circuit Court of Wayne County, West Virginia.  The Court **DIRECTS** the Clerk to send a copy of this Written Opinion and Order to all counsel of record and any unrepresented parties.

ENTER:          May 25, 2006

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE